[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11848
Non-Argument Calendar

_____

Agency No. A089-505-983

HANI AJAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 11, 2021)

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Hani Ajaj petitions for review of a Board of Immigration Appeals order denying his motion to reconsider its dismissal of the immigration judge's order denying Ajaj's motion to rescind his order of removal and to reopen his case sua sponte. Ajaj argues that the immigration judge didn't have jurisdiction over his removal proceedings because of a defect in the notice to appear, and we should therefore remand the case for the board to terminate his removal order. Because Ajaj's arguments are foreclosed by our decision in Perez-Sanchez v. U.S. Attorney General, 935 F.3d 1148 (11th Cir. 2019), we deny his petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ajaj entered the United States on a visa in 2005 and remained after his visa expired in March 2006. In December 2008, Ajaj was served with a notice to appear before an immigration judge in Miami, but his notice failed to specify the date or time of his hearing. Three hearings followed in 2009. Ajaj received a notice for and attended the first hearing. At that hearing, he received a notice for a second hearing, which he attended with counsel. At the second hearing, Ajaj admitted to the factual allegations in the notice to appear and conceded removability. Ajaj also received notice for a third hearing, but he failed to appear at that hearing, and the immigration judge ordered his removal in absentia.

Nearly eight years later, Ajaj—at that point married to a United States citizen, expecting a second child, and still living in the United States with an expired visa—

2

moved to rescind the removal order and reopen his case sua sponte. The immigration judge denied the motion as untimely and because Ajaj didn't provide a reasonable justification for the eight-year delay. Ajaj appealed that decision to the board, which dismissed the appeal.

After the Supreme Court decided Pereira v. Sessions, 138 S. Ct. 2105 (2018), Ajaj moved for the board "to reconsider" its earlier dismissal of his appeal and to "terminate" his removal proceedings "in light of Pereira." The board denied that motion because, although the initial notice to appear lacked the time or date of the hearing, later notices met the statutory requirements. Ajaj now petitions for review of the board's decision to this court.

## STANDARD OF REVIEW

We review the board's denial of a motion to reconsider for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003).

## DISCUSSION

Ajaj argues that the board erred when it rejected his motion to reconsider because both the Pereira decision and the language of 8 C.F.R. section 1003.14(a)— "[j]urisdiction vests . . . when a charging document is filed"—required the immigration judge and the board to determine that they lacked jurisdiction because the charging document (the notice to appear) was deficient. The government responds that our decision in Perez-Sanchez, in which we concluded that 8 C.F.R.

3

section 1003.14 is a claim-processing rule and therefore not a jurisdictional limitation, decided this issue against Ajaj. 935 F.3d at 1157. We agree with the government.

The issue is whether the immigration judge had jurisdiction to hear and decide Ajaj's removal proceedings. Generally, an immigration judge is authorized to conduct proceedings to decide an alien's inadmissibility or deportability. 8 U.S.C. § 1229a(a)(1). Those proceedings are initiated by a written notice specifying in relevant part the time and place at which the proceedings will be held. Id. § 1229(a)(1)(G)(i). "Jurisdiction vests, and proceedings before an [i]mmigration [j]udge commence, when a charging document is filed with the [i]mmigration [c]ourt," 8 C.F.R. § 1003.14(a), including a notice to appear, id. § 1003.13.

In Pereira, the Supreme Court addressed the "narrow question" of whether a notice to appear that failed to specify either the time or place of removal proceedings triggered the stop-time rule for cancellation of removal. 138 S. Ct. at 2110. The Court held that a "notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." Id. But Pereira did not address the effect of a deficient notice to appear on the immigration judge's jurisdiction to hear removal proceedings.

4

We addressed that issue in Perez-Sanchez. 935 F.3d at 1152–53. There, we explained that a notice to appear lacking the time, date, or location of a removal hearing is deficient under 8 U.S.C. section 1229(a), and that defect is not cured by a subsequent notice of hearing. Id. at 1153. But our "conclusion that the [notice to appear] was deficient d[id] not mean the agency lacked jurisdiction" because section 1229's time-and-place requirement did not create a jurisdictional rule. Id. at 1154. "Despite its language" claiming to vest jurisdiction, 8 C.F.R. section 1003.14, we said, was a claim-processing rule and not a limitation on the immigration judge's jurisdiction. Id. at 1157. We reached this conclusion because section 1003.14 is a regulation promulgated by the board, and "an agency cannot define its own authority to hear cases; only Congress can." Id. at 1155. Section 1229a(a)(1) empowers immigration judges to conduct removal proceedings, and that authority was not limited by the filing or service of a notice to appear. Id. at 1156. The statute provides only that removal proceedings are initiated upon the service of a notice to appear, which is "generally [a] nonjurisdictional matter[] of procedure." Id. Thus, we held that the removal proceedings resulted in a valid final order of removal. Id. at 1157.

Here, as in Perez-Sanchez, there is no question that the notice to appear was deficient. It did not meet the service requirements because it lacked the date and time of the removal hearing. The question, though, is whether the defective notice divested the immigration judge of jurisdiction to consider Ajaj's removal

5

proceedings. It did not, and just as was the case in <u>Perez-Sanchez</u>, the immigration judge's order of removal in this case was valid.

Because the notice's failure to specify the time and date of Ajaj's removal proceedings did not (and could not) deprive the board or the immigration judge of jurisdiction over this case, the board did not abuse its discretion by denying his motion to reconsider based on <u>Pereira</u>. The decision to remove Ajaj was within the immigration judge's discretion because the notice's omissions of the time and date of removal proceedings were claims-processing defects, not jurisdictional ones. Therefore, we deny Ajaj's petition for review as squarely foreclosed by <u>Perez-Sanchez</u>.

**PETITION DENIED.**